IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DONALD CLAY BILES                                                                                    PLAINTIFF
ADC #79241

V.                                          NO: 5:10CV00237 DPM/HDY

DAY  *et al.*                                                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, currently incarcerated at the Arkansas Department of Correction's East Arkansas Regional Unit ("EARU"), filed this *pro se se* complaint, pursuant to 42 U.S.C. § 1983, (docket entry #2), on August 13, 2010.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff, his cellmate at the Cummins Unit, C. Cook, falsely accused him of sexual assault. Plaintiff asserts that he learned on May 28, 2008, that Cook had placed him on his enemy alert list, and that he therefore did not talk to Cook for the next four days. Cook also avoided Plaintiff "to the point of not going to sleep," and staying out of the cell as much as possible.

On June 2, 2008, Plaintiff was informed that Cook alleged that Plaintiff had sexually assaulted him three days earlier. Plaintiff denied the charge, and suggested that Cook made the claim because he could no longer stay awake, and was afraid Plaintiff would hurt him in retaliation for Cook's placing Plaintiff on the enemy alert list. Plaintiff also suggests that Cook's actions were part of a plan Cook executed to have prison officials transfer him to another unit.

Plaintiff was ultimately transferred to the EARU, where a hearing was conducted at a guard booth where other inmates could hear the proceedings. According to Plaintiff, he is now verbally abused on a daily basis. Plaintiff contends that the charges were not properly investigated, and he was denied a polygraph test that he could use to prove his innocence. For relief, Plaintiff seeks to be cleared of the charges, to be paid damages and given access to educational programs, and for

Defendants to be demoted.

It appears that Plaintiff is alleging that he was denied due process, and that Defendant Clay has exposed him to ridicule because other inmates overheard the hearing. However, Plaintiff had a hearing, and therefore received due process. Moreover, to establish a claim for a due process violation, Plaintiff must identify conditions that impose atypical or significant hardship in relation to the normal incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Although he claims he is being held on "lockdown," Plaintiff has not identified any conditions which would give rise to due process protections. The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003)(demotion to segregation, even without cause, is not itself an atypical and significant hardship). Finally, although Plaintiff may have been offended by the remarks other inmates make, he cannot receive damages for emotional distress. Without a physical injury, mental or emotional injuries are not actionable. *See* 42 U.S.C. § 1997e(e).[1] Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

---

[1] "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id*.

3.	The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  30   day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE